IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE D. WHITE, #B-31317,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 12-cv-623-JPG |
| ) | |
| **YOLANDE JOHNSON,** ) | |
| **GENEVA BONIFIELD, and** ) | |
| **REBECCA ADAMAS,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Donnie D. White, an inmate in Tamms Correctional Center ("Tamms"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a three year sentence for arson, along with three years for a drug offense, six years for possession of contraband in a penal institution, and a total of nine years for three convictions for aggravated battery of a peace officer. Plaintiff originally filed this action in the Circuit Court of Alexander County, Case No. 12-MR-16. Defendants Bonifield and Adamas removed the case to this Court on May 14, 2012 (Doc. 2), and paid the filing fee in full.

The case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief

>may be granted; or
>(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

This summary is drawn from the corrected version of Plaintiff's complaint (Doc. 6-1, pp. 1-6). Plaintiff asserts that he has experienced retaliation from each of the named Defendants,

who have denied him services available to other inmates because he filed a prior lawsuit against them. The legal action which precipitated this alleged retaliation was *White v. Moore, et al.*, filed in the Alexander County Circuit Court, Case No. 11-MR-22 (Doc. 6-1, p. 2). Plaintiff named Defendant Johnson (the Tamms warden) as well as unspecified prison library employees as defendants in that action. Defendant Johnson was served with that complaint on May 6, 2011.

According to Plaintiff, Defendant Johnson stated to him on June 5, 2011, that until he dismissed the complaint in *White v. Moore* against her and other prison staff, that Plaintiff would not receive weekly barber services or library services.

On June 14, 2011, when Defendant Adams[1] (Tamms library associate) visited Plaintiff's cell area, he asked if she had brought him any recreational reading material. She told him that he would not get anything unless he drops his complaint against the other library staff.

In the afternoon of the same day, Defendant Bonifield (library supervisor) came to Plaintiff's wing, and told him that until he dismisses the library staff from his complaint, he would not receive weekly library services at all. Defendant Bonifield had also been served with the *White v. Moore* complaint on May 6, 2011 (Doc. 6-1, p. 3).

Plaintiff further alleges that Defendant Adams discriminated against him and violated his rights to equal protection when she refused to provide him with library materials.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

---

[1] Although Plaintiff spells this Defendant's surname "Adamas" in the caption of his complaint, it appears this was an error as he identifies her as "Adams" throughout the remainder of the complaint. The Defendants' pleadings also indicate that "Adams" is the correct spelling. Therefore, the Clerk will be directed to correct the electronic docket accordingly, and this Defendant shall be referred to herein as "Adams."

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two counts, corresponding to those in Plaintiff's complaint. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Retaliation**

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.*

Here, Plaintiff has identified his previously-filed lawsuit, and linked that activity to the alleged acts of retaliation by each of the Defendants. Even though the denial of barber services and library materials might not rise to the level of a constitutional deprivation in and of themselves, if these services were denied in retaliation for the exercise of a constitutionally protected right, then they are actionable under § 1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552

(7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper."))

At issue here is whether Plaintiff experienced adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges*, 557 F.3d at 551.

This is a question that cannot be resolved at the pleading stages of this case. Thus, the Court is unable to dismiss Plaintiff's retaliation claim at this time.

**Count 2 - Equal Protection**

Plaintiff alleges that Defendant Adams intentionally singled him out "in a discriminatory manner for complaining about his conditions . . . while providing services to all other punitive segregated inmates" (Doc. 6-1, pp. 4-5). He also states that he was "discriminated [against], [and] singled out due in part to his previous complaining about his not receiving library reading materials" (Doc. 6-1, p. 3). He asserts that Defendant Adams' actions denied him the equal opportunity to participate in the prison library program and violated his Fourteenth Amendment rights.

A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than

> intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)). Furthermore, as noted by the Seventh Circuit in *Shango*, "isolated events that adversely affect individuals are not presumed to be a violation of the equal protection clause." *Gamza v. Aguirre*, 619 F.2d 449, 453 (5th Cir. 1980).

Plaintiff has not alleged, nor do the facts indicate, that Defendant Adams treated him differently from other inmates because of his membership in a particular group or class. Instead, his explanation for his differential treatment is that he was singled out because he had lodged complaints about not receiving library materials. Thus, Plaintiff's claim of an equal protection violation merely duplicates his claim of retaliation. Plaintiff has not stated an equal protection claim upon which relief may be granted, and this claim shall be dismissed with prejudice.

**Pending Motions**

**A. Defendants' Motion to Substitute Counsel (Doc. 7)**

Defendants Bonifield and Adams request that Assistant Attorney General Adam G. Eisentstein be substituted as their counsel, and that former Assistant Attorney General Christopher L. Higgerson be removed as counsel of record. This motion is **GRANTED.**

**B. Plaintiff's First Motion for Directions (Doc. 9)**

On May 23, 2012, Plaintiff filed his first motion for directions, complaining that Tamms Paralegal Sarah Robertson (who is not a party to this lawsuit) had failed to provide him with copies of Documents 1-5, but instead gave him only the one-page Notice of Electronic Filing ("NEF") generated by the Court's electronic docketing system (*See* Doc. 9, pp. 11-15). For

Docs. 1 and 2, Ms. Robertson had attached a notation that she was unable to open the attached documents. Document 1 was an instruction sheet issued by this Court upon the opening of this case. Document 2 consisted of documents originally filed in the Alexander County Circuit Court, and was electronically filed by Defendants Bonifield and Adams (these documents have since been superseded by Docs. 6 and 6-1).

Defendants' counsel certified that a hard copy of Doc. 2 was mailed to Plaintiff on May 14, 2012, via the U.S. Postal Service. The Court notes that Plaintiff's motion was signed by him on May 18, 2012 (Doc. 9, p. 2). Documents 3, 4, and 5 consisted of only the text-entry orders fully set out in the NEF, and had no other attached documents. Defendants Bonifield and Adams have responded that no documents or services have been withheld from Plaintiff (Doc. 11).

It appears to the Court that Plaintiff may have filed his motion in haste, before the documents in question (Doc. 2) made their way to him via the mail service. In any case, those documents have now been corrected and replaced by the filing of Docs. 6 and 6-1. No other documents were withheld from Plaintiff, according to his own exhibits (Doc. 9, pp. 13-15). Accordingly, Plaintiff's motion (Doc. 9) is **DENIED.**

### C. Plaintiff's Motion to add exhibits to the complaint (Doc. 10)

Plaintiff submits several grievances and responses to those grievances, requesting permission to add these documents as exhibits to his complaint. The complaints raised in these grievances are related to the allegations raised in the instant complaint. All of the proffered documents are contained within Doc. 10. This motion is **GRANTED.**

### D. Plaintiff's Second Motion for Directions (Doc. 12)

In this motion, Plaintiff states that he has been unable to effect service on Defendant

Johnson, who is no longer the warden of Tamms but has been reassigned elsewhere within the Illinois Department of Corrections ("IDOC").  He has attempted service through the Sangamon County Sheriff's Office without success.  He seeks additional time within which to serve this Defendant and direction as to how to effectuate service.

Also appended to this motion are four pages (Doc. 12, pp. 3-6) hand-written by Plaintiff, purporting to be a subpoena directed to the Defendants for the production of documents pursuant to Federal Rule of Civil Procedure 45.  However, Rule 45(a)(3) specifies that a subpoena shall be issued by the Clerk of Court upon request by a party; a pro se litigant is not authorized to issue his own subpoena.  Accordingly, Plaintiff's "subpoena" is null and void, and Defendants need not respond to it.

Turning to Plaintiff's request for assistance in serving Defendant Johnson, had Plaintiff been proceeding in this action *in forma pauperis*, the Court would effectuate service at no cost to him.  However, because the filing fee was paid by Defendants Bonifield and Adams upon removal of the case from state court, the Court will not automatically appoint the United States Marshal to effect service of process upon the remaining unserved Defendant.  Nonetheless, the Court recognizes that because Plaintiff is incarcerated, he may have difficulty effectuating service within the 120 day time limit imposed by Federal Rule of Civil Procedure 4(m).  The Court shall therefore construe Plaintiff's motion as a motion for service of process at government expense, and hereby **GRANTS** Plaintiff's motion.

### E. Plaintiff's Third Motion for Directions (Doc. 13)

Finally, in this motion filed on July 5, 2012, Plaintiff complains that he submitted legal documents to Paralegal Robertson on June 27, 2012, to be photocopied for discovery.  However,

he claims she told him the following day that she is not copying anything and is withholding the documents, thus denying his access to the court.

It is not clear from Plaintiff's motion whether the documents he seeks to copy are in response to a discovery request by the Defendants, or are instead documents he wishes to submit to the Defendants in order to initiate a discovery request.  Either way, no scheduling order has yet been entered by this Court to establish a timeline for discovery, and discovery requests are ordinarily premature while a case is awaiting threshold review.  It is expected that discovery shall proceed in an orderly fashion after the case is referred to the United States Magistrate Judge for further proceedings, which shall be ordered below.  Accordingly, Plaintiff's motion is **DENIED** without prejudice.

**Disposition**

The Clerk of Court is **DIRECTED** to correct the spelling of **DEFENDANT ADAMS'** surname.

**IT IS FURTHER ORDERED** that Plaintiff's purported "subpoena" appearing on Pages 3-6 of Doc. 12, is null and void.  No response to it is required.

The Clerk is **DIRECTED** to (1) issue summons to Defendant **JOHNSON**, (2) prepare, on Plaintiff's behalf, a form USM-285 for this defendant, and (3) deliver a service packet for this defendant, consisting of the completed summons, a USM-285 form, a copy of the complaint and accompanying exhibits at Doc. 6-1 and Doc. 10, the amended notice of removal at Doc. 6, and a copy of this Memorandum and Order, to the United States Marshal Service.  The United States Marshal **SHALL**, pursuant to Federal Rule of Civil Procedure 4, personally serve upon this Defendant the summons, a copy of the complaint, and a copy of this Memorandum and Order.

All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshal Service.

Plaintiff is **ORDERED** to serve upon Defendants or, if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or defendant's counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the United States Marshal with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for effecting service of process.  Any documentation of the address shall be retained only by the Marshal.  Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendant **JOHNSON** is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  The Court notes that Defendants Bonifield and Adams have already filed their answer and affirmative defenses at Doc. 8.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 13, 2012**

                                          *s/J. Phil Gilbert*
                                          **United States District Judge**