IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE D WHITE,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|   vs. | )   Case No. **3:12-cv-00623-JPG-PMF** |
| | ) |
| **YOLANDA JOHNSON,** *et al.***,** | ) |
| | ) |
|       **Defendants.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Defendant Rebecca Adams, Geneva Bonifield, and Yolanda Johnson's motion for summary judgment (Doc. 46). Plaintiff Donnie D. White has filed a response (Doc. 59). For the following reasons, it is recommended that Defendants' motion for summary judgment (Doc. 46) be granted.

Plaintiff Donnie D. White is currently an inmate at Pontiac Correctional Center ("Pontiac"). During all times relevant to this lawsuit, White was an inmate at Tamms Correctional Center ("Tamms"). Pontiac and Tamms are correctional facilities under the authority of the Illinois Department of Corrections ("IDOC"). The Defendants were all employed by the IDOC at Tamms during the relevant period of this lawsuit.

This case was removed from the Circuit Court of Alexander County (Case No. 12-MR-16) to this Court by Defendants on May 14, 2012.[1] The Court conducted a preliminary review

---

[1] This case is in federal court only because it is removed to this district by the Defendants. Donnie D. White is barred from filing lawsuits in federal court without paying the full filing fee because he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C.A. § 1915(g).

1

of the complaint pursuant to its authority in 28 U.S.C. § 1915A on July 13, 2012. *See* Doc. 14. The Court explained that Plaintiff Donnie D. White attempted to bring a two claims against Defendants Rebecca Adams, Geneva Bonifield, and Yolanda Johnson; First Amendment retaliation (Count 1) and Equal Protection (Count 2). *See id*. However, the Court dismissed the Equal Protection claim, and this case proceeded on the First Amendment retaliation claim (Count 1) only. *See id*. at 5-6.

In his complaint (Doc. 6-1), White alleges that he filed a lawsuit in the Circuit Court of Alexander County entitled *White v. Moore, et al*. (11-MR-22) in 2011. It is alleged that after Defendant Johnson was served with process in 11-MR-22 on May 6, 2011, she visited White's cell on June 5, 2011 and threatened to withhold weekly barber and library services unless White dismissed 11-MR-22. White further alleges that Defendant Adams was passing out recreational reading materials on June 14, 2011. He alleges the he asked Adams for reading materials, and then Adams proceeded to launch into a profanity-laced tirade that included a threat to withhold library services unless White dismissed 11-MR-22. White accuses Defendant Bonifield of approaching White on June 14, 2011 and making the same type of denial of services threats unless 11-MR-22 was dismissed.

The Defendants have moved for summary judgment on White's First Amendment retaliation claim. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc*., 211 F.3d 392, 396 (7th Cir. 2000). In responding to a motion for summary judgment, it is incumbent upon the nonmoving party "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof" at trial.

*Celotex*, 477 U.S. at 323.  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

"To make out a prima facie case of First Amendment retaliation, a public employee must demonstrate that '(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor in the employer's actions.'" *Peele v. Burch*, --- F.3d ----, 2013 WL 3455705 at *2 (7th Cir. July 9, 2013) (quoting *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012)).  The Defendants argue that summary judgment is appropriate because White cannot demonstrate that a genuine issue of fact exists for trial on any of the three retaliation prongs. *See* Doc. 47 at 6.  They also argue that the Defendants were not personally involved with any constitutional deprivation and that they are entitled to qualified immunity.

With respect to the White's retaliation claim, the Defendants first argue that White's speech was not constitutionally protected.  For support, Defendants have offered evidence that the previous lawsuit (11-MR-22) for which White bases his First Amendment retaliation claim on for this case was dismissed as frivolous. *See* Doc. 47-2.  White does not dispute that 11-MR-22 was dismissed as frivolous. *See* Doc. 59-3 (Agreeing that Defendants' "undisputed material fact 6", which states that "Plaintiff's previous case was dismissed by the trial court as frivolous" is undisputed).  Because there is a no genuine issue of material fact as to whether alleged protected speech at issue in this case is White's previous lawsuit (11-MR-22)[2] or whether that

---

[2] Some of the documents before the Court hint at a possible claim for retaliation against White for filing grievances.  To be clear, this case is not now and never has been about retaliation for filing grievances.  The allegations set out in the complaint (Doc. 6-1) clearly demonstrate that this is a case about retaliation for the filing of a lawsuit in state court (11-MR-22) and nothing else.  To the extent that White now seeks to make this case about retaliation for

case was dismissed as frivolous, a question of law is posed to the Court as to whether White has a protected First Amendment interest in maintaining frivolous litigation.

"[B]aseless litigation is not immunized by the First Amendment right to petition [the government for redress of grievances]." *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 743, 103 S. Ct. 2161, 2170, 76 L. Ed. 2d 277 (1983) (providing that prosecuting a baseless lawsuit is not within scope of First Amendment protection and that state interests in maintaining domestic peace and protecting citizens' health and welfare do not enter into play when suit has no reasonable basis). *See also Lewis v. Casey*, 518 U.S. 343, 353 n.3, 116 S. Ct. 2174, 2181, 135 L. Ed. 2d 606 (1996) ("Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value—arguable claims are settled, bought, and sold.  Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions"); *McDonald v. Smith*, 472 U.S. 479, 484, 105 S. Ct. 2787, 2791, 86 L. Ed. 2d 384 (1985); *Eichwedel v. Chandler*, 696 F.3d 660, 673 *opinion after certified question answered sub nom. Eichwedel v. Curry*, 700 F.3d 275 (7th Cir. 2012) ("[T]he Supreme Court has held that the Constitution does not protect a person's right to file frivolous lawsuits."); *Geske & Sons, Inc. v. N.L.R.B.*, 103 F.3d 1366, 1372 (7th Cir. 1997) (explaining the scope of the U.S. Supreme Court's holding in *Bill Johnson's Restaurants* as "… claims which present no material questions of fact or law have no First Amendment protection."); *United States v. Kaun*, 827 F.2d 1144 (7th Cir. 1987) (government's action in preventing frivolous or harassing FOIA claims and did not violate petitioner's First Amendment rights); *Cheek v. Doe*, 828 F.2d 395 (7th Cir. 1987) (Imposition of

---

filing grievances, he cannot expand the scope of this case without filing an amended complaint that contains allegations about retaliation for filing grievances.  In any event, even if the allegations included retaliation for filing grievances, there is no constitutionally protected right to file frivolous grievances. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

penalty for bringing frivolous lawsuit does not violate plaintiff's constitutional right, in action against IRS, to petition government for redress of grievances); *Coleman v. C.I.R.*, 791 F.2d 68, 72 (7th Cir. 1986) (no constitutional right to maintain frivolous tax refund case). *See also, e.g., Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (prisoner could not maintain First Retaliation claim based on adverse actions taken against him alleged to have been connected to a previous frivolous lawsuit regarding prisoner's First Amendment right to the free exercise of religion). White's First Amendment claim in this case is based exclusively on retaliation for filing a frivolous lawsuit (11-MR-22). That lawsuit constitutes speech that is not granted protection by the First Amendment. Because White has failed to demonstrate that a genuine issue of material fact exists for trial on an essential element to his retaliation claim (Count 1), judgment as a matter of law is appropriate for Defendants. FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 323.

For the forgoing reasons, it is recommended that the Defendant Rebecca Adams, Geneva Bonifield, Yolanda Johnson's motion for summary judgment (Doc. 46) be granted. If this recommendation is adopted in its entirety, there will be no further issues requiring the Court's attention in this case.

SO RECOMMENDED.

DATED: July 17, 2013.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE