IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNIE D. WHITE,<br><br>      Plaintiff,<br><br>vs.<br><br>YOLANDA JOHNSON, GENEVA BONIFIELD and REBECCA ADAMS,<br><br>      Defendants. | Case No. 12-cv-623-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 62) of Magistrate Judge Philip M. Frazier recommending that the Court grant defendants Yolanda Johnson, Geneva Bonifield, and Rebecca Adams' (collectively "Defendants") motion for summary judgment (Doc. 46). Plaintiff Donnie D. White filed an objection to the R & R (Doc. 63) to which Defendants responded (Doc. 64). For the following reasons, the Court grants Defendants' motion for summary judgment.

**1.  R & R Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because White has filed an objection, the Court will undertake a *de novo* review.

**2. Background**

White, currently incarcerated at Pontiac Correctional Center, brings this claim alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 complaining of events that occurred while he was incarcerated at Tamms Correctional Center ("Tamms"). Specifically, White alleges Defendants retaliated against him for filing a mandamus action in the Circuit Court for the First Judicial Circuit, Alexander County, Illinois, Case Number 11-MR-22. White brought this mandamus action against Johnson and Tamms' library employees for denying him weekly library and barber services. The state court dismissed his mandamus action as frivolous, stating as follows:

> The Court has reviewed 730 ILCS 5/3-7-2(a) as well as Institutional Directives attached to Plaintiff's complaint, neither of which require that Plaintiff is to be provided with barber or library services on a weekly basis. Plaintiff's Complaint is dismissed and the Court finds Plaintiff's Complaint to be frivolous.

Doc. 47-2.

White alleges that on June 5, 2011, Johnson told White she would withhold barber and library services from White until he dismissed the case. On June 14, 2011, Adams, a Tamms library employee, told White she would not bring him reading material until he dismissed the case. On the same day, Bonifield, a Tamms library supervisor, also told White she would withhold library services from him until he dismissed the complaint. White further alleged an equal protection claim against Adams for her refusal to provide him library materials.

White originally filed the instant civil rights claim in the Circuit Court for the First Judicial Circuit, Alexander County, Illinois, Case Number 12-MR-16. Defendants Bonifield and Adams removed the case to federal court. After an initial review, this Court divided White's complaint into two counts. Count One, alleging a retaliation claim, still remains pending. Count Two, alleging an equal protection claim, was dismissed.

Currently before the Court is Defendants' motion for summary judgment in which they argue they are entitled to judgment as a matter of law because (1) White cannot show that Defendants retaliated against him in violation of the First Amendment; (2) Defendants cannot be liable without a showing of direct, personal involvement; (3) Defendants are entitled to qualified immunity; and (4) White's request for injunctive relief is barred and now moot.  The Court will now consider whether Defendants are entitled to judgment as a matter of law.

### 3.  Analysis

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a);  *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.  Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion.  *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).  A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts,"

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

> To establish First Amendment retaliation, White must show that
>
> (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action.

*Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Accordingly, absent some protected conduct, White cannot establish a constitutional violation. Retaliation for filing a legitimate lawsuit is clearly protected by the First Amendment. *Zorzi v. County of Putnam*, 30 F.3d 885, 896 (7th Cir. 1994). "[B]aseless litigation," however, is not protected by the First Amendment. *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 743 (1983); *see also Lewis v. Casey*, 518 U.S. 343, 353 (1996) ("Depriving someone of a frivolous claim . . . deprives him of nothing at all except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions."); *Eichwedel v. Chandler*, 696 F.3d 660, 673-74 (7th Cir. 2012); *Geske & Sons, Inc. v. N.L.R.B.*, 103 F.3d 1366, 1372 (7th Cir. 1997); *Hill v. Lappin* 630 F.3d 468, 472 (6th Cir. 2010) (filing frivolous grievance not protected by the First Amendment). Thus, White's claim in 11-MR-22 was protected conduct only to the extent his claim had merit. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

Here, according to the docket sheet, the state court clearly dismissed White's claim in 11-MR-22 as frivolous.[1] White admits this fact. *See* Doc. 59, p. 3 & Doc. 47, p. 3. As such, White

---

[1] It appears from the court order (Doc. 47-2) and White's objection to the R & R (Doc. 63, p. 2) that White argued in his mandamus case in Alexander County, Illinois, Case Number 11-MR-22 that 730 ILCS 5/3-7-2(a) required the Illinois Department of Corrections to provide prisoners with barber and library services once a week. This statute, however, only requires weekly access to bathing facilities. *Id*. While the statute does require the Illinois

was not engaged in an activity protected by the First Amendment and fails to establish a First Amendment Retaliation claim.  Because there is no genuine issue of material fact, Defendants are entitled to judgment as a matter of law.

4. **Conclusion**

For the foregoing reasons, the Court

- **ADOPTS** Judge Frazier's R & R (Doc. 62);
- **GRANTS** Defendants' motion for summary judgment (Doc. 46); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**  August 5, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

Department of Corrections to provide prisoners with access to barber and library services, it does not specify weekly access. *Id*.