IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNIE D. WHITE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>YOLANDA JOHNSON, GENEVA BONIFIELD and REBECCA ADAMS,<br><br>　　　　Defendants. | Case No. 12-cv-623-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendants Yolanda Johnson, Geneva Bonifield and Rebecca Adams' (collectively "Defendants") bill of costs (Doc. 67). Plaintiff Donnie D. White filed an objection (Doc. 69) to which Defendants filed a response (Doc. 70).

On May 14, 2012, White filed a civil rights complaint (Doc. 2-2) against Defendants in the Circuit Court for the First Judicial Circuit, Alexander County, Illinois. At the time of filing his complaint, White included an "application to sue or defend as a poor person" (Doc. 2-4), executed on January 30, 2012, attesting that he had no income, assets or expected future income. Defendants subsequently removed the action to this Court. Thereafter, on June 20, 2012, judgment was entered in White's favor in the amount of $10,000 in a case in the Central District of Illinois. *See White v. Eaton, et al.*, Central District of Illinois Case No. 07-cv-1311.

On August 4, 2013, this Court entered judgment in favor of Defendants and dismissed the case with prejudice. On August 14, 2013, Defendants filed their bill of costs seeking $247.00 for the costs of a deposition transcript. White filed his objection to Defendants' bill of costs arguing that since the filing of his application to sue as a poor person in state court his "prison trust account is still in the red for owing restitution in the amount of $15[,000]." Doc. 69, p.2. White,

however, failed to include any up-to-date documentation confirming his financial status, an affidavit attesting to his indigency, or a list of expected payments.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Where a Rule 41 dismissal is with prejudice, the defendant is entitled to be treated as a prevailing party and recover costs pursuant to Rule 54. *Mother & Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir. 2003). Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Those costs may include:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court presumes that a prevailing party is entitled to costs as a matter of course, but has the discretion to deny or reduce costs where warranted. *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). This presumption in favor of awarding costs is difficult for the non-prevailing party to overcome. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *see also Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) ("unless and until the losing party affirmatively shows that the prevailing party is not entitled to costs, the district court must award them, 'as of course'").

The Seventh Circuit has recognized two situations that warrant the denial of costs: "the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother &*

*Father*, 338 F.3d at 708.  To deny a bill of costs on the grounds of indigency, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'"  *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006) (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)).  The losing party carries the burden of providing the court with "sufficient documentation to support such a finding." *Rivera*, 469 F.3d at 635 (internal quotations omitted).  "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses."  *Id*.

Here, while White originally attested that he was indigent in the state court proceedings, another court subsequently entered judgment in White's favor in an amount sufficient to pay defendants' bill of costs.  White failed to disclose this $10,000 judgment from the Central District of Illinois, or any other judgments in his favor unknown to this Court, to the Court in his objection to Defendants' bill of costs.  Based on this $10,000 payment expected by White, the Court cannot make the finding that White is incapable of paying costs in the future.  Thus, White has failed to overcome the strong presumption that Defendants are entitled to costs.  The Court accordingly **DIRECTS** the Clerk of Court to tax costs in the amount of $247.00.

**IT IS SO ORDERED.**

**DATED:** September 6, 2013

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**